■ UNION CHELSEA NATIONAL BANK, Respondent, v RICHARD CECERE et al., Appellants, et al., Defendants. — Order, Supreme Court, New York County (Altman, J.), entered on January 31, 1980, unanimously affirmed. Respondent shall recover of appellants $75 costs and disbursements of this appeal. The appeal from the order of said court entered on May 26, 1981 is dismissed as nonappealable, without costs and without disbursements. No opinion. Concur — Kupferman, J. P., Sandler, Carro, Silverman and Asch, JJ.

■ BONNIE POSTER, Respondent, v WASHINGTON NATIONAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant and Interpleading Plaintiff, and HARRIET POSTER, Interpleaded Defendant-Appellant. BONNIE POSTER, Interpleaded Defendant-Respondent. — Judgment, Supreme Court, New York County (Kirschenbaum, J.), entered June 1, 1981, which granted the motion of plaintiff Bonnie Poster for summary judgment, awarding her the proceeds of a life insurance policy as the irrevocable designated beneficiary, despite decedent's subsequent change of primary beneficiary to his second wife, unanimously modified, on the law, to the extent of declaring that plaintiff is entitled to 50% of the proceeds of the policy and that each of decedent's three children is entitled to 16⅔% of such proceeds, and, as so modified, affirmed, without costs and disbursements. Pursuant to a separation agreement between decedent Melvin Poster and his first wife, plaintiff Bonnie Poster, it was agreed that he would continue to maintain certain insurance policies under which said plaintiff was the named primary beneficiary; that decedent shall not change the beneficiaries except that if Bonnie remarries, he may remove her as primary beneficiary and shall be obligated to name the children primary beneficiaries in equal shares; that decedent, if he remarries and becomes the father of one or more children of the new marriage, such children shall participate as beneficiaries in the same manner as the children of his first marriage; and that in any event "it is understood and agreed that the proceeds of said policy shall be divided one-half to the wife [Bonnie] and one-half to the children, in equal shares, with the word 'children' to include newly born children" and if Bonnie remarries, the proceeds are to go solely to the children *to share equally.* After the divorce, decedent remarried and became the father of a third child, two children having issued from his marriage to Bonnie. He changed the primary beneficiary under the policies to his second wife, Harriet Poster. After decedent's death, Bonnie commenced this action to obtain declaratory relief regarding her right and the rights of the children of her marriage to decedent to the insurance proceeds. The power of the decedent as the insured to change or designate the beneficiary of the policies at issue is fixed by the contractual provisions of the separation agreement relating to same. The subsequent change of beneficiary by decedent in violation of the terms of the agreement is of no avail. Under the clear terms of the agreement, the proceeds must be divided one half to decedent's first wife, plaintiff Bonnie Poster, and one half to the three children (two being the issue of his first marriage and one the issue of his second marriage) in equal shares. Concur — Sandler, J. P., Sullivan, Ross, Lupiano and Asch, JJ.